UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.   Case No. 8:19-CR-134-T-23-CPT

LUIS GUILLERMO ARMENTA-LOPEZ
_____/

# SENTENCING MEMORANDUM

## I.   Legal Framework for Sentencing Analysis

It is now well established that sentencing requires a two-step process. First, the district court must correctly calculate the sentencing guideline range. Second, the district court must consider the factors outlined in 18 U.S.C. §3553(a) to determine a reasonable sentence as to each defendant in each case.

In <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005), the Eleventh Circuit enumerated the ten factors used to determine a reasonable sentence: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide a just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with appropriate educational training, vocational training, or medical care; (6) types of sentences

1

available; (7) the correctly-calculated sentence range under the Sentencing Guidelines; (8) pertinent policy statements of the U.S. Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.

## II. Analysis of 18 U.S.C. § 3553(a) Factors

### A. History And Characteristics Of The Defendant

Luis Guillermo Armenta-Lopez was born on April 26, 1979 in Sinaloa, Mexico.[1] Sinaloa is a Mexican state that is located in northwestern Mexico, along the nation's Pacific coast.[2]

According to the Mexican government, approximately one third of Sinaloa's residents live in poverty,[3] and 30% of Sinaloa's residents are unable to obtain sufficient food to meet their basic nutritional needs.[4] According to the United States Department of Agriculture, 34.5% of preschoolers in Sinaloa suffer from anemia brought on by malnutrition.[5]

---

[1] PSR, page 10
[2] The editors of Encyclopedia Britannica, *Sinaloa, Mexico*, August 10, 2019, https://www.britannica.com/place/Sinaloa
[3] *Cuánta, dónde, y cómo es la pobreza en Sinaloa*, March 20, 2018, https://riodoce.mx/2018/03/20/cuanta-donde-y-como-es-la-pobreza-en-sinaloa/
[4] Jazmín Tapia, *Sinaloa registra 30% de personas en situación de pobreza*, January 19, 2019, https://tvpacifico.mx/noticias/225296-sinaloa-registra-30-de-personas-en-situacion-de-pobreza
[5] Benjamin Juarez and Carlos Gonzalez, USDA Foreign Agricultural Service, *Food Security and Nutrition in Mexico*, July 2010,

Children suffering from anemia during their first years of life have lower cognitive development, which leads to irreversible deficiencies in intellectual development and school performance in the medium and long term.[6]

Mr. Armenta-Lopez was one of seven children.[7] His parents raised him in a wooden structure that had a tin roof and an earthen floor.[8] The structure did not have a bathroom, running water, or electricity.[9] Mr. Armenta-Lopez's parents did not have enough money to provide sufficient food for their family.[10] The 7 children scavenged to find enough food to eat.[11] The children often subsisted on the fish they could catch and the clams they could dig.[12] At age 7, Mr. Armenta-Lopez went to work selling shellfish on the beach.[13] When Mr. Armenta-Lopez grew older, he began to work as a fisherman and fiberglass boat repairman.[14]

When Mr. Armenta-Lopez was 22 years of age, he married Luz Martina

---

https://gain.fas.usda.gov/
[6] Id.
[7] PSR, page 10
[8] July 19, 2019 interview of Guillermo Armenta-Lopez
[9] PSR, page 10
[10] July 19, 2019 interview of Guillermo Armenta-Lopez
[11] Id.
[12] Id.
[13] PSR, page 10
[14] PSR, page 12

Rendón-Valdez.[15] The couple has four children together, ages 21, 17, 12, and 8.[16] Mr. Armenta-Lopez also has an 11-year-old son from another relationship, and before his arrest in this case he was helping to financially support that child.[17] Further, though he is not their biological father, Mr. Armenta-Lopez helped support two other minor children.[18]

Prior to his arrest in this case, Mr. Armenta-Lopez and his family were struggling financially.[19] The family resided in a simple cinderblock structure, in which all six members of the family slept in one room.[20] Mr. Armenta-Lopez earned approximately $63.39 dollars as week as a fiberglass boat repairmen,[21] while his wife Luz earned less than $8.00 a day as an agricultural worker.[22] Because of their lack of financial resources, the couple could not meet their children's medical expenses.[23] Specifically, Mr. Armenta-Lopez's oldest child suffers from an inguinal hernia, which requires surgery.[24] Mr. Armenta-Lopez's youngest child with Ms. Rendón-

---

[15] PSR, page 10
[16] PSR, pages 10-11
[17] PSR, page 11
[18] Id.
[19] August 11, 2019 interview of Guillermo Armenta-Lopez
[20] Id.
[21] PSR, page 12
[22] Exhibit #1B, Letter from Luz Martina Rendón-Valdez
[23] August 11, 2019 interview of Guillermo Armenta-Lopez
[24] Id.

Valdez suffers from an ocular disorder called strabismus,[25] which also requires surgical intervention.[26] Further, Mr. Armenta-Lopez's 67-year-old father suffers from diabetes,[27] which has damaged his feet and requires medical care.[28] Mr. Armenta-Lopez's decision to participate in this conspiracy was motivated in part by his desire to pay for his children's surgeries and his father's medical care.[29]

### B. The Correctly-Calculated Sentence Range Under The Sentencing Guidelines

The PSR calculates Mr. Armenta-Lopez's advisory guideline range to be an offense level 35, Criminal History III.[30] This Guideline range carries a recommended sentence of 210 to 262 months imprisonment.[31] Because the government has filed a Notice of Prior Convictions pursuant to 21 U.S.C. §851, Mr. Armenta-Lopez faces a 15-year minimum mandatory sentence.[32]

### C. The Need To Prevent Unwarranted Sentencing Disparities

Mr. Armenta-Lopez has a prior conviction from the Southern District of

---

[25] Exhibit #1B, Letter from Luz Martina Rendón-Valdez
[26] Id.
[27] Id.
[28] August 11, 2019 interview of Guillermo Armenta-Lopez
[29] Id.
[30] PSR, page 13
[31] Id.
[32] PSR, page 5, 13

California for a violation of the Maritime Drug Law Enforcement Act.[33] In that case, Mr. Armenta-Lopez's brother, Cesar Armenta-Lopez, was a codefendant who was also convicted and sentenced to prison.[34] Sadly, Mr. Armenta-Lopez's brother Cesar, like Mr. Armenta-Lopez himself, has re-offended.

### 1. The Facts Surrounding Mr. Cesar Armenta-Lopez's 2018 Criminal Case in the Southern District of Florida

On June 28, 2018, the United States Coast Guard arrested Mr. Cesar Armenta-Lopez as he traveled on go-fast vessel in international waters of the Pacific Ocean.[35]

On July 13, 2018, a federal grand jury in the Southern District of Florida indicted Mr. Cesar Armenta-Lopez, charging him with conspiracy and possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.[36]

On November 19, 2018, Mr. Armenta-Lopez pleaded guilty to count one

---

[33] PSR, page 9; *See also*, Document #86, August 19, 2014 Judgment, Case No. 3:14-CR-00199, United States District Court for the Southern District of California.
[34] Id; *See also*, PSR, page 10.
[35] Document #85, Case No. 1:18-CR-20602, United States District Court for the Southern District of Florida.
[36] Document #1, Case No. 1:18-CR-20602, United States District Court for the Southern District of Florida.

of the indictment.[37] According to Mr. Cesar Armenta-Lopez's presentence investigation report, based upon a cocaine weight of 1035 kilograms, his sentencing guidelines base offense level was 38.[38]

### 2. The Sentence Imposed on Mr. Cesar Armenta-Lopez in the Southern District of Florida

A review of the record in Southern District of Florida case 1:18-CR-20602 reveals that though the District Court did not impose a two level captain's enhancement pursuant to USSG §2D1.1(b)(3), that the organizers of the drug trafficking conspiracy had entrusted a GPS and navigation points to Mr. Cesar Armenta-Lopez, and that in the probation officer's opinion, Mr. Cesar Armenta-Lopez merited the enhancement.[39]

At Mr. Armenta-Lopez's April 8, 2019 sentencing, the District Court found the following: after a 3 level reduction for acceptance of

---

[37] Document #76, Case No. 1:18-CR-20602, United States District Court for the Southern District of Florida.

[38] The below signed Counsel has not seen Mr. Cesar Armenta-Lopez's presentence investigation report. Attorney Jason Kreiss, who represented Mr. Armenta-Lopez at his April 8, 2019 sentencing hearing, has stated the following to the undersigned regarding that PSR: the U.S. Coast Guard recovered 210 kilograms of cocaine from the ocean. However, the base offense level in the PSR was founded upon 1,035 kilograms of cocaine, because the Government had testimonial evidence from co-conspirators that they had loaded 1,035 kilograms of cocaine aboard the vessel. The mariners dumped most of that cocaine into the ocean as the U.S. Coast Guard approached their vessel. Most of that cocaine was lost at sea.

[39] *See* Exhibit #2 - Transcript of April 8, 2019 Sentencing Hearing (Document #192, page 5, Case No. 1:18-CR-20602, United States District Court for the Southern District of Florida).

responsibility, the total offense level was 35,[40] the criminal history category was III,[41] and the advisory guideline sentence was 210 to 262 months.[42]

Defense Counsel moved for a two level downward variance based upon a variety of the factors enumerated in 18 USC 3553(a).[43] Then, Defense Counsel asserted that both the Government and the Defense were jointly recommending a sentence of 15 years of imprisonment.[44] The breakdown of that joint recommendation was as follows: the parties recommended a sentence of 168 months in Southern District of Florida case 1:18-CR-20602, and a one-year consecutive term of imprisonment for a violation of supervised release in Southern District of California case 3:14-CR-00199.[45]

The District Court accepted the parties recommendations, and in Southern District of Florida case 1:18-CR-20602, it sentenced Mr. Armenta-Lopez to 14 years of imprisonment.[46] In pronouncing its sentence, the court observed:

> …I do agree that in light of the repeat nature of Mr. Armenta Lopez's crimes and the amount of

---

[40] *See* Exhibit #2 - Transcript of April 8, 2019 Sentencing Hearing (Document #192, page 5, Case No. 1:18-CR-20602, United States District Court for the Southern District of Florida).
[41] Id.
[42] Id.
[43] Id. at 6-7
[44] Id. at 7.
[45] Id. at 8.
[46] Id. at 9-10

8

> drugs involved here that the sentence must be higher than what might otherwise have been available to him.[47]

The District Court also noted that a 14-year sentence "acknowledges Mr. Armenta-Lopez's background and the factors that led him back onto a boat."[48]

The District Court then sentenced Mr. Armenta-Lopez to a one-year consecutive term of imprisonment for the violation of supervised release in Southern District of California case 3:14-CR-00199.[49]

**3. In the Case at Bar, a Sentence Greater than 15 Years Would Create an Unwarranted Sentencing Disparity Between the Defendant and His Brother Cesar Armenta-Lopez**

In his Southern District of Florida case, Cesar Armenta-Lopez was held responsible for 1,035 kilograms of cocaine,[50] and though the Court did not apply the two level captain's enhancement, there was evidence to support such an enhancement. In the case at bar, Mr. Luis Armenta-Lopez will be held responsible for 1,283 kilograms of cocaine,[51] and there is no allegation

---

[47] Id. at 10
[48] Id.
[49] Id. at 14
[50] See footnote 38.
[51] On August 12, 2019, the Government provided to the Defense DEA Report # G6-19-0063, stating that the weight of the cocaine in this matter is 1283 kilograms.

he served as the captain of the vessel.[52]

The two brothers share the same criminal history – the only difference being that while Luis Armenta-Lopez was sentenced to 42 months of incarceration for his case in the Southern District of California,[53] his brother Cesar Armenta-Lopez was to 55 months of incarceration.[54]

As noted, supra, for both his Southern District of Florida case and his Southern District of California violation of supervised release, Cesar Armenta-Lopez received a combined total sentence of 180 months, or 15 years incarceration. Consequently, because the brothers' criminal history and criminal conduct are virtually identical, Defense Counsel respectfully moves the Court to sentence Mr. Armenta-Lopez to a term of 15 years of incarceration. Such a sentence would avoid an unwarranted sentencing disparity between the two brothers.

---

[52] PSR, page 8
[53] Document #86, August 19, 2014 Judgment, Case No. 3:14-CR-00199, United States District Court for the Southern District of California.
[54] Document #81, July 30, 2014 Judgment, Case No. 3:14-CR-00199, United States District Court for the Southern District of California.

### III.  Conclusion

The Defense respectfully requests this Court take all the forgoing factors into consideration, and impose a sentence of 15 years of incarceration. Such a sentence would be "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## EXHIBITS

| | |
|---|---|
| Exhibit #1A | Original Letter (in Spanish) from Luz Martina Rendón-Valdez |
| Exhibit #1B | English Translation of letter from Luz Martina Rendón-Valdez |
| Exhibit #2 | April 8, 2019 Sentencing Hearing Transcript for Cesar Armenta-Lopez - Southern District of Florida Case #1:18-CR-20602 |

**Certificate of Service**

I HEREBY CERTIFY that on August 12, 2019 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mr. Nick DeRenzo, SAUSA
Office of the United States Attorney
400 North Tampa Street, Suite 3200
Tampa. FL 33602

/s/ *David C. Hardy*
David C. Hardy, Attorney at Law
The Hardy Law Firm, P.A.
Florida Bar #689661
1710 N. 19th Street, Suite 215
Tampa, Florida 33605
Tel: (813) 990-9547
dch@thehardylawfirm.com